UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PRIMO'S RESTAURANT, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOM RIDGE, Secretary | : | |
| Department of Homeland Security, | : | **CIVIL NO. 04-12162 - NG** |
| | | |
| EDUARDO AGUIRRE, JR., | : | |
| Director, U. S. Citizenship and | : | |
| Immigration Services | : | |
| PAUL NOVAK, Director | : | |
| Vermont Service Center, USCIS | : | |
| | : | |
|     Defendants | : | |
| | : | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
<u>MANDAMUS & DECLARATORY JUDGMENT</u>**

Defendants, EDUARDO AGUIRRE, and TOM RIDGE, by and through their attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Anton P. Giedt, Assistant United States Attorney, hereby file the following Answer to plaintiff's Complaint. In response to the numbered paragraphs of plaintiff's Complaint, defendants respond as follows:

**<u>INTRODUCTION</u>**

1. Defendants admit that this action is brought to compel defendants to act in accordance with certain statutes, standards and practices. It is admitted that defendants denied plaintiff's immigrant worker petition. The remaining allegations of this paragraph are legal conclusions to which no response is required and, to the extent a response is required, such

allegations are denied. To the extent the paragraph contains additional factual allegations, such allegations are denied.

## PARTIES

2. The allegations of Paragraph 2 are admitted.

3. In Paragraph 3, it is admitted that Tom Ridge was, at the time plaintiff's Complaint was filed, the Secretary of the Department of Homeland Security. The current Secretary of Homeland Security is Michael Chertoff. Mr. Chertoff should be substituted for Mr. Ridge pursuant to Fed. R. Civ. P. 25(d). The remaining allegations of Paragraph 3 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

4. It is admitted that Eduardo Aguirre is the Director of U.S. Citizenship and Immigration Services. The remaining allegations of Paragraph 4 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

**5.** It is admitted t hat Paul Novak is the Director of the Vermont Service Center, an entity within U.S. Citizenship and Immigration Services. The remaining allegations of paragraph 5 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

## JURISDICTION

6. The allegations of paragraph 2 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

## VENUE

7. It is admitted that plaintiff resides in the District of Massachusetts, defendants are sued as Officers of the United States, and no question of real property is involved in this case. The remaining allegations of Paragraph 3 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

**EXHAUSTION OF REMEDIES**

8. It is admitted that defendants have adjudicated plaintiff's petition administratively. At the time of plaintiff's Complaint, plaintiff had failed to exhaust administrative remedies. However, since that time, defendants' administrative appellate office has dismissed plaintiff's administrative appeal. Plaintiff may elect to seek reconsideration of that dismissal decision but has not done so. Aside from that elective relief, the administrative review process has been completed. The remaining allegations of paragraph 8 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

**CAUSE OF ACTION**

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. The allegations of paragraph 13 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

14. There is no Paragraph 14 in the Complaint.

15. Admitted that plaintiff has an approved application for labor certification. After reasonable inquiry, defendants lack information on which to form an opinion as to the truth of the remaining allegations of paragraph 15; accordingly, the allegations are denied. In the alternative, the allegations of paragraph 15 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

16. The allegations of paragraph 16 are conclusions of law to which no response is required and, to the extent a response is required, such allegations are denied.

17. After reasonable inquiry, defendants lack information on which to form an opinion as to the truth of the allegations of paragraph 17; accordingly, the allegations are denied.

18. Paragraph 18 sets forth the plaintiff's prayer for relief, to which no response is required. To the extent a response is required Defendants deny that plaintiff is entitled to any relief and assert that plaintiff's prayer for relief should be denied.

## **AFFIRMATIVE DEFENSES**

1. Defendants are under no duty to grant plaintiff's visa petition.

2. Any and all actions taken by the defendants regarding the plaintiff were (1) reasonable and based upon the proper exercise of sound discretion in light of all the circumstances, and (2) were based on the record before them.

3. Defendants acted at all times in accordance with the applicable procedures required by law, rule and regulation.

4. This Court has jurisdiction over any mandamus action to compel an officer or employee of any agency of the United States "to perform a duty owed to the plaintiff."  28 U.S.C. § 1361. In order to qualify for mandamus relief, plaintiff must show that: (1) she has a clear right to the relief sought; (2) the defendants have a clear duty to perform; and (3) no other adequate remedy is available. *See e.g., Blaney v. United States*, 34 F.3d 509, 513 (7th Cir. 1994); *Lovallo v. Froehlke*, 468 F.2d 340, 343 (2d Cir. 1972). In this case, plaintiff has not shown a clear right to the relief sought or a clear duty on the part of defendants.

5. Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, having fully answered plaintiff's Complaint, defendants respectfully move this Court to dismiss the complaint, for its costs incurred herein, and for such further relief as is just and proper.

> Respectfully submitted,
>
> /s/ Anton P. Giedt
> Anton P. Giedt
> Assistant U.S. Attorney
> 1 Courthouse Way
> Boston, MA 02210
> 617-748-3309 (Voice)
> 617-748-3967 (Fax)
> anton.giedt@usdoj.gov

Dated: March 9, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2005, a copy of the attached Answer, which was filed electronically and is available for viewing and downloading from the court's ECF system, was served via First Class mail, postage prepaid, on:

> Roxana Muro, Esquire
> Fitzgerald & Company, LLC
> 18 Tremont Street, Suite 210
> Boston, MA  02108
> Attorney for Plaintiff

Dated: March 9, 2005

/s/ Anton P. Giedt
Anton Giedt
Assistant United States Attorney